IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 05 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02333-BNB

RAYMOND CURTIS EVANS,

    Applicant,

v.

J. M. WILNER, Interim Warden, and
THE ATTORNEY GENERAL OF THE DISTRICT OF COLUMBIA E. HOLDER,

    Respondents.

## ORDER OF TRANSFER

Applicant, Raymond Curtis Evans, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. He submitted to and filed with the Court *pro se* an application pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. He paid the $5.00 filing fee for a habeas corpus action.

The Court must construe the application liberally because Mr. Evans is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be transferred to the United States District Court for the District of Columbia.

Mr. Evans alleges that on July 12, 2004, he was convicted by a jury in the Superior Court of the District of Columbia on charges of first-degree burglary while

armed, first-degree sexual abuse while armed, armed robbery, aggravated assault while armed, second-degree theft, obstruction of justice, and threatening to injure a person. He further alleges that he was sentenced to an aggregated sixty-two years of incarceration, plus five years of supervised release and a $2,600 fine.

He asserts that on October 14, 2008, his convictions and sentence were affirmed on direct appeal by the District of Columbia Court of Appeals. He further asserts that he did not initiate any state postconviction proceedings. In the instant application, he alleges three claims of trial court error.

Venue in this Court is not proper. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Mr. Evans is challenging his convictions in the on charges of first-degree burglary while armed, first-degree sexual abuse while armed, armed robbery, aggravated assault while armed, second-degree theft, obstruction of justice, and threatening to injure a person. The events giving rise to his claims occurred in the District of Columbia. Therefore, venue is improper in this Court. The proper venue for a challenge to Mr. Evans' convictions lies in the district in which he originally was convicted. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct

district. *See* 28 U.S.C. § 1406(a). Accordingly, it is

ORDERED that the application and the action is transferred to the United States District Court for the District of Columbia.

DATED at Denver, Colorado, this ____ day of _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02333-BNB

Raymond C. Evans
Reg No. 35025-007
US Penitentiary
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/5/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk